Diane V. Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
5120 E. LaPalma Avenue, #209
Anaheim, CA 92807
Ph.: (714) 695-6637
Fax: (714) 643-7474
diane@attylsi.com

Attorneys for Secured Creditor
U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| In Re: | CASE NO.: 19-50159-SK |
| AURELIO PEDONE, | CHAPTER 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | <u>Hearing</u><br>Date: January 16, 2020<br>Time: 10:00 am<br>Ctrm: 1375 |

TO THE HONORABLE SANDRA KLEIN, DEBTOR, HIS ATTORNEY OF

RECORD AND THE CHAPTER 13 TRUSTEE

    COMES NOW, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE

TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST ("CREDITOR"), a secured creditor of the

above-named Debtor, and files the within Objection to confirmation of Debtor's Chapter 13

Plan and  represents as follows:

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## I. STATEMENT OF FACTS

1. Creditor is the holder of a Note and Deed of Trust encumbering the Debtor's real property located at 9995 Wornom Avenue, Sunland, CA. The Property is the Debtor's principal residence.

2. Debtor provides for arrears of $212,663.50 in his Chapter 13 Plan. and monthly Plan payments of $4,054.53, which does not include Creditor's monthly mortgage payment. The Plan provides for no payment to any other creditor.

3. Debtor's Schedules reveal that he is self-employed – receiving $6,250.00 in gross income, and makes no deduction for taxes. In addition, the Debtor states he makes $3,460.00 in "rental income" but has no executory contracts or unexpired leases.

4. The Debtor also claims as income contributions from three (3) daughters of $1,500,00; $700.00 and $600.00 per month, totaling $2,800.

5. Debtor cannot include gratuitous contributions as income for purposes of Chapter 13. The identity of the contributors and their ability to make such substantial contributions over a 5 year period is unsupported and merely speculative.

6. The Debtor claims no deductions for any taxes for his self-employment income, rental income or income from his three (3) daughters. The necessary deductions must be disclosed and deducted from his net monthly income and net disposable income.

7. Debtor's Plan and this Bankruptcy case were not filed in good faith and the same must be dismissed, with prejudice.

## II. OBJECTION

Application of the provisions of *11 U.S.C. Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot

2

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

be confirmed as proposed because it violates numerous provisions of Sections *1325 and Section 1326*.

### A. THE DEBTOR WILL NOT BE ABLE TO MAKE ALL PAYMENTS UNDER THE PLAN
*11 U.S.C. §1325(a)(6)*

*Section 1325(a)(6)* requires that a proposed Plan be feasible in such a form that "the debtor will be able to make all payments under the plan and to comply with the plan." Courts have held that where a debtor does not have sufficient income to pay his reasonable expenses and the proposed plan payment, the plan is not feasible as required by *Section 1325(a)(6)* and confirmation must be denied. The Debtor has the burden of proving that the Plan is feasible. (*In re Endicott*, 157 BR 255, 263 (Banker. W.D. Va. 1993)).

The Court must consider the Debtor's current and future earning capacity, his future disposable income, whether the Plan provides for payment of interest to Creditor (which it does not) and whether these payments will significantly reduce the debt. The Debtor's Schedules reveal that he does not generate sufficient income to fund a Plan and relies substantially on purported rental income and substantial gratuitous contributions. Debtor's Plan cannot be confirmed.

### B. DEBTOR'S PLAN PROVIDES FOR THREE (3) SEPARATE MONTHLY UNDOCUMENTED GRATUITOUS CONTRIBUTIONS AND PURPORTED RENTAL INCOME WHEN HE HAS NO EXECUTORY CONTRACTS OR UNEXPIRED LEASES

The facts are spelled out by the Debtor himself, he does not generate sufficient net monthly income to meet his monthly expenses, including the post-petition mortgage payment and make a Plan payment. He relies substantially on three (3) purported gratuitous contributions. This/these "contributor"(s) has/have legal obligation to make this substantial payment for the next five (5) years. Since the "contributors" are not a debtor in this case, the contribution(s) cannot and

should not be considered to determine whether Debtor's Plan is feasible. There is no evidence of the commitment or ability to make these payments by these third parties.

*Section 1325(a)(6)* requires that a proposed Plan be feasible in such a form that "the debtor will be able to make all payments under the plan and to comply with the plan." Courts have held that where a ***debtor*** does not have sufficient income to pay his reasonable expenses and the proposed plan payment, the plan is not feasible as required by *Section 1325(a)(6)* and confirmation must be denied. The Debtor has the burden of proving that the Plan is feasible. (*In re Felberman,* 196 BR 678 (Bankr. S.D. NY 1995), *In re* Lyons, 193 BR 637 (Bkrtcy. D. Mass. 1996) (if gifts are not legally enforceable, they cannot be considered the source of payment for proposed Chapter 13 Plan; *In re Crowder*, 179 Br 571 (Bkrtcy. Ed. Ark. 1995) (without a showing of specific amounts or assistance which is committed for the duration of the plan, payments are not sufficient stable or regular to support the plan; *In re Norwood*, 178 BR 683 (Bkrtcy. E.D. Pa. 1995)). There is nothing in the Bankruptcy Code which qualifies such a "contribution" as a regular source of income and a monthly payment compliant with the Code cannot be offered. The Debtor has proffered no evidence or legal authority on this issue, his Plan does not satisfy *Section 1325(a)(6)*.

Moreover, the Debtor claims rental income when he has no executory contracts or unexpired leases.

C. **DEBTOR'S PLAN AND THIS CHAPTER 13 CASE WERE NOT FILED IN GOOD FAITH**
*11 U.S.C. Section 1325(a)(3)*

*Section 1325(a)(3)* provides that the Court shall confirm a Plan if the Plan has been proposed in good faith and not by any means forbidden by law. The Plan has not been filed in good faith because the Debtor does not generate sufficient net disposable income to fund any Chapter 13 Plan, including the currently pending Plan. Debtor's Plan calls for monthly payments, along with mortgage payments, that the Debtor cannot afford. There are no other creditors in this case.

Courts construing the "good faith" requirement have generally coupled this standard to the rehabilitative goals of Chapter 13, holding that it is necessary that the debtor show that its filing presupposes a "valid reorganizational purpose", thereby requiring that there be some showing of the <u>need for rehabilitation</u>, in order to justify the discharge that would be granted to a good faith reorganized debtor.

The legitimate goal of a Chapter 13 is a distributive and reorganization purpose. The Debtor has no such intention in this case, as is evidenced by his Plan and lack of income, coupled with the fact that the only creditor is this Creditor. There is no legitimate intent or ability to reorganize this Creditor's debt. There is no purpose for this Chapter 13 case. This Bankruptcy case was not filed in good faith and the Plan was not proposed in good faith and cannot be confirmed.

**WHEREFORE,** based on the foregoing, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The Plan be denied confirmation and the case be dismissed with prejudice;

    b.    For attorney's fees and costs incurred herein.

    c.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 2, 2019    LAW OFFICES OF DIANE WEIFENBACH

By:    /s/ Diane Weifenbach
DIANE V. WEIFENBACH, Attorneys for Secured Creditor U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5120 E. La Palma Ave #209, Anaheim, CA 92807

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____12/2/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor attorney Steven Alpert   enotice@pricelawgroup.com
Ch. 13 Trustee: Nancy Curry: ecfnc@trustee13.com
U.S. Trustee: ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __12/2/2019_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
Aurelio Pedone
9995 Wornom Ave.
Sunland, CA  91040

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/2/2019 | Hope Upham | /s/ Hope Upham |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE